WILLIAM BURK AND ANOTHER V. THEODORE STEWIG.

See this case for an answer held sufficient to present a defence to the cause of action set out in the petition.

Error from Titus.   Tried  below  before Hon. W. S. Todd. The Material facts are contained in the Opinion.

*S. H. Morgan*, for plaintiff in error.

*W. H. Johnson* and *B. W. Gray*, for defendants in error.

HEMPHILL, CH. J.   The only point worthy of notice is the alleged error in sustaining the exception to the answer of the defendants.   The ground of this ruling was that the answer presented no defence to the action.   In this we think there was error.   The land purchased by the plaintiff Stewig was the homestead of R. R. Ladd in his life time, and that of his widow Nancy Ladd and his two minor daughters after his death ; and the plaintiff alleges in substance that he was induced to enter into a contract for the purchase of this land with one William Burk, relying upon the fraudulent representations of the said Burk, that he had power and authority to convey the same ; and that in part payment for said land he agreed to cause a conveyance to the said minors, the grand daughters of said Burk, of a tract of three hundred and twenty acres of land situated in Titus county, which he afterwards contracted for with John Galloway and Diana his wife; and which they, the said Galloways, under his directions, conveyed on the 2d October, 1856, to the said minor children ; and that

the plaintiff, after the execution of the deed from the Galloways, discovered that Burk had no power to sell the Ladd homestead of two hundred acres, but that it belonged to the said widow and children of Ladd, deceased, praying that the deed of Galloway and wife to the minors might be set aside, and the rights and title to the three hundred and twenty acres of land conveyed by the deed to the said minors be vested in the plaintiff.

The answer of the minors by their guardian *ad litem* gives a version of the facts in relation to the purchase by the plaintiff of the Ladd place, and the consideration of the conveyance of the three hundred and twenty acres by the Galloways to the minors, quite at variance with the statements of the plaintiff. The answer avers indirectly that the plaintiff intermarried with Nancy Ladd, the widow of the deceased R. R. Ladd, and states positively that long prior to the marriage, viz: on the 4th February, 1856, the plaintiff entered into a written agreement with the said Nancy for the purchase of the Ladd homestead, which agreement is copied in the answer, and shows that on or before the 1st August, 1856, the said Nancy was to make a title to the plaintiff for this tract of two hundred acres, (styled her homestead,) on his paying seven hundred dollars ; that the plaintiff took possession immediately on his purchase, and long before his marriage, and still holds possession of the tract, and has so abused the same that it is now of little value ; that the heavy pine, suitable for lumber, with which the land was well timbered, has been removed by the plaintiff ; that the conveyance by the Galloways to the minors was made with the consent of the plaintiff, and at the earnest request of the said Nancy Ladd, both before and after her marriage, and was in partial discharge of the contract of purchase between the said Nancy and the said plaintiff, as set forth in the answer.

If the allegations of the answer be true, and for the purpose of testing the sufficiency of the defence the exception admits

their truth, they show that there can be no foundation for the charges virtually of fraud and deception against Mr. Burk.

That the plaintiff purchased not from Burk but from the widow as the owner, with whom he covenanted for title, and had the three hundred and twenty acres conveyed to her children in part performance of this contract, and that he had so abused the Ladd homestead purchased by him that the minors should in justice have the title for the three hundred and twenty acres conveyed to them by the Galloways ratified and confirmed.

The facts alleged in the answer show that the tale of the deceptions practiced by Burk is totally unfounded. The plaintiff purchased from the widow on the 4th February, 1856. The land was described in the agreement as her homestead, and as the Ladd old place, and after his marriage with the widow, as we may infer from the answer, had the Galloway conveyance made to the minors. It passes the bounds of belief, or even supposition, that during all this time the plaintiff was ignorant of the rights of the widow and children to this land as a homestead; or that he could imagine that Burk had power to sell, or any right to make conveyance. We must presume that the plaintiff is a man of ordinary intelligence; and if so, if he had capacity sufficient to make and bind himself by a contract, he could not have been ignorant of the fact that the title was in the widow and children of the deceased Ladd, and not in Burk. We are of opinion that the answer was a defence to the case stated in the petition, and that there was error in sustaining the exception. We shall not enter into a discussion of the rights of the minors under the facts as stated in the answer, nor by what decree they may be the most safely and efficiently protected. The land in which they had a joint interest with the widow was purchased by the plaintiff, and was so abused as to inflict serious injury upon their interests. The plaintiff has had another tract conveyed to them, which must be taken as if for compensation. Whether this

arrangement shall be affirmed, or whether an account shall be taken and the minors allowed for the damages done by the plaintiff to the homestead must be left for future action by the Court below upon the case as made out by the pleadings and evidence on a future trial.   The minors, on the facts alleged, are entitled to some relief.   But as the question of their legal rights has not been much elaborated in the argument, we decline for the present further consideration of that point.

Judgment reversed and cause remanded.

Reversed and remanded.